The Honorable Michael K. Wilson State Representative P.O. Box 5269 Jacksonville, Arkansas 72076
Dear Representative Wilson:
This is in response to your request for an opinion on several questions concerning Act 673 of 1991, which concerns military leave for public employees. Specifically, you have three questions, which are paraphrased as follows:
 1. Does Section 2 of Act 673 of 1991, codified at A.C.A. § 21-4-102 (Cum. Supp. 1991) apply to all municipal employees throughout Arkansas?
 2. If so, does Section 2 require compensation to the employee at his/her regular rate of pay in addition to his/her regular vacation benefits?
 3. Are there any limits on travel time compensation, and does this Act cover both mandatory and voluntary reserve duty status?
It is my opinion that the answer to your first question is "yes;" as long as the individual is an "employee" of a political subdivision of the state, he or she is covered by the provisions of Act 673 of 1991 which states that:
 [a]ll employees . . . of any of [the state's] political subdivisions who desire to take a leave of absence for the purpose of participating in the military training programs made available by the National Guard or any of the reserve branches of the armed forces . . . shall be entitled to such a leave of absence for a period of fifteen (15) days plus necessary travel time for annual training requirements or other duties performed in an official duty status in any one (1) calendar year.
It is my opinion that this language applies to all "employees" ofany political subdivision of the state, including any
municipality. See also, Opinion No. 91-292, a copy of which is enclosed.
It is my opinion that the answer to your second question is also "yes." During such leave, the employee is entitled to his regular salary, and this leave time is in addition to regular vacation time. This result is compelled by A.C.A. § 21-4-102(b)(1) and (2) (Cum. Supp. 1991), which state plainly that:
 (b)(1) Whenever any employee is granted a leave of absence under the provisions of this section, he shall be entitled to his regular salary during the time he is away from his duties during such leave of absence.
 (2) Such leave of absence shall be in addition to the regular vacation time allowed to the employee.
The first part of your third question is whether there are any limits on travel time compensation. The act grants the fifteen day leave of absence "plus necessary travel time." A.C.A. §21-4-102 (a) (Cum. Supp. 1991). Thus, the only limit placed by the statute on such "travel time compensation" as you refer to it, is that it be "necessary."
The second part of your third question inquires as to whether the act covers both mandatory and voluntary reserve duty status. Although I am uncertain as to what you mean by "mandatory and voluntary reserve duty status," it is my opinion that the statute grants a leave of absence any time a public employee "desire[s]
to take a leave of absence" for purposes enumerated in the statute, which include "annual training requirements or other duties performed in an official duty status. . . ."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh